IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KRIS ANN MARTIN                          :        CIVIL ACTION
                                         :
              v.                         :
                                         :
COMMONWEALTH OF PENNSYLVANIA             :
DEPARTMENT OF CORRECTIONS, ET AL.        :        NO.  24-3192

## MEMORANDUM

**Padova, J.**                                              **May 19, 2025**

Plaintiff, a Licensed Practical Nurse ("LPN") who was formerly employed by Defendant Commonwealth of Pennsylvania Department of Corrections ("DOC"), has brought this action against her former employer and officials and employees of the DOC.  The First Amended Complaint (the "Complaint") asserts claims for:  race discrimination and retaliation for reporting race discrimination pursuant to 42 U.S.C. §§ 1981 and 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Stat. Ann. §§ 951 et seq.; as well as a claim for violation of Pennsylvania's Whistleblower Law, 43 Pa. Stat. Ann. §§ 1421, et seq.[1]  Defendants have brought a Motion to Dismiss Plaintiff's claim pursuant to 42 U.S.C. § 1983 and her claim for violation of the Pennsylvania Whistleblower Law. For the reasons that follow, we deny the Motion.

## I.    FACTUAL BACKGROUND

The Complaint alleges the following facts.  Plaintiff worked for the DOC as a LPN from June, 2015 until she was terminated on January 22, 2024.  (Compl. ¶¶ 21, 82; Resp. at 1 n.1.)  She

---

[1] The Complaint also asserts a claim for wrongful denial of COBRA benefits pursuant to the Public Health Services Act against the DOC and the Pennsylvania Employee Benefit Trust Fund ("PEBTF")  Plaintiff voluntarily withdrew that claim after the PEBTF moved to dismiss it. (See Pl.'s Resp. at 2 n.2)  That claim was, accordingly, withdrawn and the PEBTF has been dismissed as a Defendant in this litigation.  (See Docket No. 15.)

worked at State Correctional Institution ("SCI") Graterford until that facility was closed in 2018 and replaced with SCI Phoenix.  (Compl. ¶¶ 21-22.)  She worked as an LPN at SCI Phoenix after that facility opened.  (Id. ¶ 22.)  SCI Phoenix is a maximum-security facility with approximately 4000 inmates.  (Id. ¶ 23.)  A majority of the staff and inmates at SCI Phoenix are African American, whereas Plaintiff is Caucasian.  (Id. ¶ 24.)

According to the Complaint, Plaintiff experienced racial discrimination and harassment because her race while she was employed at SCI Phoenix.  (Id. ¶ 25.)  She also witnessed wrongdoing by individuals employed at SCI Phoenix, "including smuggling contraband, leaving doors unlocked, mishandling narcotic medication, stealing medical supplies, failing to supervise inmates, threatening and physically assaulting other employees, mistreating inmates[,] and engaging in sexual activity while at work."  (Id.)  Plaintiff reported the discrimination and harassment that she experienced, as well as the  misconduct she witnessed, to Defendants.  (Id. ¶ 26.)  Rather than take action to address Plaintiff's complaints, Defendants shared her comments with the employees about whom she had complained.  (Id. ¶ 27.)  As a result of Defendants' actions, Plaintiff suffered "severe and pervasive harassment and retaliation from  her coworkers." (Id.)  Plaintiff was eventually terminated based on allegations of misconduct brought against her by three individuals whom Plaintiff had previously reported for engaging in misconduct.  (Id. ¶ 82.)

The Complaint asserts four claims for relief against the DOC and the following individual Defendants:  Joseph Terra, a Deputy Superintendent or Superintendent of SCI Phoenix; Mandy Sipple, a Deputy Superintendent of SCI Phoenix; Charles Hensley, a Deputy Superintendent of SCI Phoenix; Harold Kertes, a Deputy Superintendent of SCI Phoenix; Tiffany Epoca, Director of DOC EEO Investigations; and Brittany Hunter, Corrections Health Care Administrator

(collectively, the "Individual Defendants"). (Id. at ¶¶ 8-18.) The Complaint asserts the following claims for relief:

(1)    claims against the Individual Defendants for race discrimination and/or retaliation for reporting race discrimination in violation of the Fourteenth Amendment pursuant to 42 U.S.C. §§ 1983 and/or 1981;

(2)    claims against the Individual Defendants for retaliation for reporting wrongdoing or waste in violation of the Pennsylvania Whistleblower Law;

(3)    claims against the DOC for race discrimination and/or retaliation for reporting race discrimination pursuant to Title VII; and

(4)    claims against the Individual Defendants for race discrimination and/or retaliation for reporting race discrimination in violation of the PHRA.

As we mentioned above, Defendants ask us to dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1983 and the Pennsylvania Whistleblower Law.

## II.    **LEGAL STANDARD**

Defendants have moved to dismiss Plaintiff's § 1983 claim for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants have moved to dismiss Plaintiff's cause of action for violation of the Pennsylvania Whistleblower Law for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants also move, in the alternative, to dismiss Plaintiff's Whistleblower Law claim in part pursuant to Rule 12(b)(6) on the ground that this claim is partially barred by the applicable statute of limitations.

When deciding a motion to dismiss pursuant to Rule 12(b)(6), we "'consider only the complaint, exhibits attached to the complaint, [and] matters of public record, as well as

undisputedly authentic documents if the complainant's claims are based upon these documents.'" Alpizar-Fallas v. Favero, 908 F.3d 910, 914 (3d Cir. 2018) (quoting Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010)).  We "accept[] all well-pleaded allegations in the complaint as true and view[] them in the light most favorable to the plaintiff."  Talley v. Pillai, 116 F.4th 200, 206 (3d Cir. 2024) (citing Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011)).  However, we "need not 'accept as true a legal conclusion couched as a factual allegation.'"  Host Int'l, Inc. v. MarketPlace, PHL, LLC, 32 F.4th 242, 248 (3d Cir. 2022) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (citation omitted).

A plaintiff's pleading obligation is to set forth "'a short and plain statement of the claim,'" which "'give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (first quoting Fed. R. Civ. P. 8(a)(2); and then quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The complaint must allege "'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for [the] misconduct alleged.'"  Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556).  In the end, we will grant a motion to dismiss brought pursuant to Rule 12(b)(6) if the factual allegations in the complaint are not sufficient "'to raise a right to relief above the speculative level.'"  Geness v. Admin. Off. of Pa. Cts., 974 F.3d 263, 269 (3d Cir. 2020) (quoting Twombly, 550 U.S. at 555).

When a party moves to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), we must first "determine whether the challenge is a facial attack or a factual attack."  GBForefront,

4

L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 35 (3d Cir. 2018) (citing Const. Party of Pa. v. Aichele, 757 F.3d 347, 357 (3d Cir. 2014)).  "'A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke subject matter jurisdiction[.]'" Id. (first alteration in original) (quoting Const. Party of Pa., 757 F.3d at 358).  "A factual attack . . . is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." Id. (second alteration in original) (quoting Const. Party of Pa., 757 F.3d at 358).  Defendant's argument regarding our subject matter jurisdiction over Plaintiff's claim for violation of the Pennsylvania Whistleblower Law does not depend on any evidence outside of the facts alleged in the Complaint and thus constitutes a facial attack on our subject matter jurisdiction.

"In reviewing a facial attack, 'the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff.'" Const. Party of Pa., 757 F.3d at 358 (quoting In re Schering Plough Corp. Intron, 678 F.3d 235, 243 (3d Cir. 2012)).  "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)[.]" Id. (citing In re Schering Plough Corp., 678 F.3d at 243).  "With respect to 12(b)(1) motions in particular, '[t]he plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right.'" In re Schering Plough Corp., 678 F.3d at 244 (alteration in original) (quoting Stalley v. Catholic Health Initiatives, 509 F.3d 517, 521 (8th Cir. 2007)).)

## III.    DISCUSSION

### A.    Plaintiff's Claim Pursuant to 42 U.S.C. § 1983

Defendants move to dismiss that portion of Plaintiff's first cause of action that asserts a claim against the Individual Defendants pursuant to the Fourteenth Amendment and 42 U.S.C. §

1983, based on allegations that they engaged in race discrimination and/or retaliation. Defendants

argue that this aspect of the cause of action should be dismissed because it improperly seeks to use

§ 1983 to vindicate rights protected by Title VII.[2]

> Section 1983 provides in pertinent part as follows:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right

secured by the Constitution and laws of the United States, and must show that the alleged

deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S.

42, 48 (1988) (citations omitted). "It is well settled that § 1983 does not confer any substantive

rights, but merely 'provides a method for vindicating federal rights elsewhere conferred.'"

Williams v. Pa. Hum. Rels. Comm'n, 870 F.3d 294, 297 (3d Cir. 2017) (quoting Hildebrand v.

Allegheny Cnty., 757 F.3d 99, 104 (3d Cir. 2014)). "Even when an independent federal right

exists, however, Congress may choose to foreclose a remedy under § 1983, either by expressly

'forbidding recourse to § 1983 in the statute itself,' or by 'creating a comprehensive enforcement

scheme that is incompatible with individual enforcement under § 1983.'" Id. at 297-98 (quoting

Blessing v. Freestone, 520 U.S. 329, 341 (1997)). "In determining whether a § 1983 action is

disallowed, '[t]he crucial consideration is what Congress intended.'" Id. at 298 (alteration in

---

[2] Defendants do not ask the Court to dismiss that portion of Plaintiff's first cause of action that asserts a claim pursuant to 42 U.S.C. § 1981. Indeed, Defendants never mention § 1981 in their argument with respect to Plaintiff's first cause of action.

original) (quoting <u>Fitzgerald v. Barnstable Sch. Comm.</u>, 555 U.S. 246, 252 (2009)) (citation omitted).

The United States Court of Appeals for the Third Circuit has determined that Title VII utilizes a comprehensive remedial scheme, <u>id.</u> (citations omitted), and, consequently, that "[a]llowing pure Title VII . . . claims under § 1983 would thwart Congress's carefully crafted administrative scheme by throwing open a back door to the federal courthouse when the front door is purposefully fortified." <u>Id.</u> at 299 (citing <u>Smith v. Robinson</u>, 468 U.S. 992, 1024 (1984)). The Third Circuit explained that "Title VII . . . impose[s] liability only on *employers*, [and] permitting a plaintiff to sue under § 1983 based on violations of the[] same statute[] would open *individuals*, . . . to employment discrimination suits." <u>Id.</u> (citations omitted). The Third Circuit held that plaintiffs thus may not seek damages against individual defendants pursuant to "§ 1983 for statutory violations of . . . Title VII . . . standing alone." <u>Id.</u> at 300. This holding, however, "'applies only when a plaintiff is attempting to use § 1983 to vindicate statutory rights, not when a plaintiff seeks redress for constitutional violations such as those afforded by the Equal Protection Clause.'" <u>Izzard v. Cnty. of Montgomery, Pa.</u>, Civ. A. No. 21-418, 2021 WL 5639817, at *3 (E.D. Pa. Nov. 29, 2021) (quoting <u>Shklyar v. City of Pittsburgh</u>, Civ. A. No. 18-1588, 2019 WL 6118716, at *8 (W.D. Pa. Nov. 18, 2019)).

The Complaint does not specifically allege that any of the individual Defendants violated Plaintiff's rights under the Equal Protection Clause. It does, however, allege that the Individual Defendants denied Plaintiff's "right to be free from racial discrimination in the terms and conditions of her employment in violation of the fourteenth amendment to the United States Constitution" (Compl. ¶ 92) and that the Individual Defendants denied Plaintiff's "right to be free from retaliation for reporting racial discrimination in her  workplace in violation of the fourteenth

amendment to the United States Constitution." (Id. ¶ 93.)  Consequently, we conclude that Plaintiff's cause of action pursuant to Section 1983 is brought to vindicate Plaintiff's constitutional rights under the Fourteenth Amendment, not to vindicate rights protected by Title VII. Accordingly, we deny Defendants' Motion to Dismiss as to that portion of Plaintiff's first cause of action that alleges that Plaintiff suffered race discrimination and/or retaliation for reporting race discrimination in violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 against the Individual Defendants.  See Izzard, 2021 WL 5639817, at *3.

      B.    <u>Plaintiff's Claim Pursuant to the Pennsylvania Whistleblower Law</u>

Plaintiff's second cause of action asserts claims under the Pennsylvania Whistleblower Law against the Individual Defendants.  "Under the Pennsylvania Whistleblower Law, '[n]o employer may discharge, threaten or otherwise discriminate or retaliate against an employee . . . because the employee . . . makes a good faith report . . . to the employer . . . of wrongdoing or waste.'"  <u>Callaghan v. Haverford Twp.</u>, 345 F. App'x 767, 771 (3d Cir. 2009) (alterations in original) (quoting 43 Pa. Stat. Ann. § 1423(a)).  Defendants argue that we should dismiss Plaintiff's claim for relief pursuant to the Pennsylvania Whistleblower Law on one of two alternative grounds.  Defendants first argue that we should dismiss this claim pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because the Eleventh Amendment grants the Individual Defendants immunity from suit brought pursuant to the Pennsylvania Whistleblower Law.  They also argue, in the alternative, that we should dismiss part of this claim pursuant to Rule 12(b)(6) because it is barred by the applicable statute of limitations.

      1.    <u>Sovereign Immunity</u>

"Under the Eleventh Amendment, 'an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'"  <u>Jones v. Sussex Corr.</u>

Inst., 725 F. App'x. 157, 159 (3d Cir. 2017) (quoting Edelman v. Jordan, 415 U.S. 651, 662-63 (1974)). "Eleventh Amendment immunity protects not only states, but also state agencies, 'as long as the state is the real party in interest.'" Id. (citing Fitchik v. N.J. Transit Rail Operations, 873 F.2d 655, 659 (3d Cir. 1989) (en banc)). Thus, the DOC, as a Department of the Commonwealth of Pennsylvania, "generally enjoys the  same immunity as the sovereign itself." Lewis v. Clarke, 581 U.S. 155, 162 (2017) (citing Regents of Univ. of Cal. v. Doe, 519 U.S. 425, 429-30 (1997)). "Similarly, lawsuits brought against employees in their official capacity 'represent only another way of pleading an action against an entity of which an officer is an agent,' and they may also be barred by sovereign immunity." Id. (quoting Kentucky v. Graham, 473 U.S. 159, 165-66 (1985)).

The Complaint asserts all of its claims against the Individual Defendants in their individual, not official, capacities.  (See Compl. ¶¶ 8, 10, 12, 14, 16, 18.)  The Supreme Court has instructed that "in the context of lawsuits against state and federal employees or entities, courts should look to whether the sovereign is the real party in interest to determine whether sovereign immunity bars the suit. Lewis, 581 U.S. at 161-62 (citing Hafer v. Melo, 502 U.S. 21, 25 (1991)).  "In making this assessment, courts may not simply rely on the characterization of the parties in the complaint, but rather must determine in the first instance whether the remedy sought is truly against the sovereign." Id. at 162 (citing Ex parte New York, 256 U.S. 490, 500-502 (1921)). "If, for example, an action is in essence against a State even if the State is not a named party, then the State is the real party in interest and is entitled to invoke the Eleventh Amendment's protection." Id. "The distinction between individual- and official-capacity suits is paramount here." Id.  "In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself." Id. (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Dugan v. Rank, 372 U.S. 609, 611, 620-622, (1963)).  "'Personal-capacity

suits, on the other hand, seek to impose *individual* liability upon a government officer for actions taken under color of state law.'" Id. (quoting Hafer, 502 U.S. at 25) (citations omitted).

Defendants maintain that Plaintiff's Whistleblower Law claim is barred by sovereign immunity. They reason that the Commonwealth of Pennsylvania is the real party of interest because the Commonwealth would bear the burden of liability under the Whistleblower Law if the individual Defendants were found to be liable to Plaintiff. However, the Individual Defendants are not entitled to sovereign immunity with respect to Plaintiff's Whistleblower Law claim solely because that the Commonwealth may ultimately indemnify them with regard to a potential award of monetary damages. The Supreme Court has held "that an indemnification provision cannot, as a matter of law, extend sovereign immunity to individual employees who would otherwise not fall under its protective cloak." Lewis, 581 U.S. at 164-65. As the Court explained, "[t]he critical inquiry is who may be legally bound by the court's adverse judgment, not who will ultimately pick up the tab." Id. at 165.

Courts have found that suits brought pursuant to the Pennsylvania Whistleblower Law were not barred by sovereign immunity where those suits sought monetary damages and were brought against individuals acting in their individual capacities. See Ali v. McClinton, Civ. A. No. 16-6373, 2017 WL 2588425, at *3 (E.D. Pa. June 14, 2017) (finding that the plaintiff's Whistleblower Act suit for monetary damages against his former employer, a Pennsylvania state legislator, was not barred by sovereign immunity were the legislator "alone made personnel decisions concerning her legislative staff and . . . her decision to fire [the plaintiff] was not compelled by any state law or regulation"); Ingram v. Dunbar, Civ. A. No. 22-1594, 2024 WL 4304558, at *4 (W.D. Pa. Sept. 26, 2024) (denying motion to dismiss Whistleblower Law claims brought by plaintiff against her former employer, a Pennsylvania state legislator, and other state legislators and employees, based

10

on sovereign immunity because "Eleventh Amendment immunity does not apply to those who are sued in their individual capacities" (citations omitted)).  In this case, the Complaint does not allege any facts that would show that the Commonwealth would be bound by judgments against the individual Defendants in their personal capacities.  Accordingly, we deny the Motion to Dismiss Plaintiff's claim pursuant to the Whistleblower Law with respect to this argument.

      2.    <u>Statute of Limitations</u>

Defendants also move, in the alternative, that we dismiss a portion of Plaintiff's Whistleblower Law claim on the ground that it is barred by the applicable statute of limitations. "Under Section 4 of the Whistleblower Law, 43 P.S. § 1424, an action must be filed within 180 days of the alleged violation of the Law. Furthermore, this 180-day time limit is mandatory, and courts have no discretion to extend it.  <u>O'Rourke v. Pa. Dep't of Corr.</u>, 730 A.2d 1039, 1042 (Pa. Commw. Ct. 1999) (citing <u>Perry v. Tioga Cnty.</u>, 649 A.2d 186 (Pa. Commw. Ct. 1994), <u>appeal denied</u>, 655 A.2d 995 (Pa. 1995)).  Plaintiff was terminated by the DOC on January 22, 2024.  (<u>See</u> Compl. ¶ 82; Resp. at 1 of 7 n.1.)  Plaintiff filed the instant lawsuit on July 19, 2024, which is less than 180 days after she was terminated.  (<u>See</u> Docket No. 1)  Plaintiff states, in her Response to the Motion to Dismiss, that her Whistleblower Law claim is based solely on her termination and not on any other acts that are alleged in the Complaint to have been taken by the Individual Defendants in retaliation for her reporting wrongdoing or waste. (Resp. at 7 of 7.)  Based on this representation, we deny the Motion to Dismiss as to Plaintiff's claim against the Individual Defendants under the Whistleblower Law.

**IV.     CONCLUSION**

For the reasons stated above, we deny the instant Motion to Dismiss in its entirety.  An order follows.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.